United States District Court
Southern District of Texas
**ENTERED**
January 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHAN SORIANO, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-04490 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| KROGER TEXAS LP, | § | |
| Defendant. | § | |

## OPINION AND ORDER DENYING REMAND

Before the Court is a motion by Plaintiff Nathan Soriano seeking remand. Dkt 3. Upon consideration the Court denies the motion.

### 1. Background

Soriano allegedly sustained injuries while shopping at a grocery store owned by Defendant Kroger Texas LP. He filed suit in state court asserting theories of premises liability and negligence against Kroger. Dkt 1-1.

Kroger removed the action based on diversity jurisdiction. Dkt 1. Soriano seeks remand. They dispute the amount in controversy.

### 2. Legal standard

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 USC § 1447(c).

The burden of establishing federal jurisdiction "rests on the party seeking the federal forum." *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). To meet this burden, the party must "prove that federal jurisdiction existed at the time of removal, or, at the very least, have alleged facts prior to the entry

of judgment in this case that establish federal subject-matter jurisdiction. Without the presence of such facts in the record, a federal court does not have jurisdiction over the case." Ibid (citations omitted).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 USC § 1332(a). On motion to remand after removal upon assertion of diversity jurisdiction, courts determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal." *Manguno v Prudential Property and Casualty Insurance Co*, 276 F3d 720, 723 (5th Cir 2002).

The amount alleged in the state court petition typically determines the amount in controversy—so long as it was pleaded in good faith. *Allen v R & H Oil & Gas Co*, 63 F3d 1326, 1335 (5th Cir 1995) (citation omitted). Where the jurisdictional amount is not apparent on the face of the removed petition, "the court may rely on 'summary judgment-type evidence.'" *St Paul Reinsurance Co Ltd v Greenberg*, 134 F3d 1250, 1253 (5th Cir 1998), quoting *Allen*, 63 F3d at 1336.

If on the face of the state court petition or by a preponderance of the evidence a defendant shows that the amount in controversy exceeds $75,000, the plaintiff may obtain remand only by showing with legal certainty that the claims alleged are for less than $75,000. *De Aguilar v Boeing Co*, 47 F3d 1404, 1412 (5th Cir 1995).

3. Analysis

The parties dispute only whether the amount in controversy exceeds $75,000.

Soriano relies on his original petition. It states that "the amount in controversy in this matter does not exceed $75,000.00." Dkt 1-1 at 1. Soriano also asserts that that his postsuit demand letter sought $74,500 in damages. See Dkt 3-2. These show together, he says, that the amount in controversy is less than $75,000.

Kroger responds that neither defeat remand because Soriano never filed any binding stipulation or affidavit with his original petition. Kroger also points to the calculation in Soriano's postsuit demand letter of medical expenses totaling $84,491.80, and to his request for noneconomic damages and loss of earning capacity. Kroger asserts these conclusively show that the amount in controversy exceeds $75,000.

*As to Soriano's petition in state court.* Texas law requires a party to plead a range of relief sought among five predefined damage ranges. See Tex Rule Civ P 47(c). Plaintiffs cannot plead a specific amount of damages beyond one of the ranges. See *Martinez v Liberty Insurance Corporation*, 2019 WL 6894497, at *2 (SD Tex). The lowest range is "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees." Tex Rule Civ P 47(c)(1).

Numerous cases hold that Texas law does not permit a plaintiff to plead that the damages sought will not exceed $75,000. For example, see *Chavez v State Farm Lloyds*, 2016 WL 641634, at *2 (SD Tex) (discussing Tex Rule Civ P 47). Those cases also find such pleading to be a manipulation in bad faith to avoid federal jurisdiction. Ibid (citation omitted). This is so because damages as initially alleged in a Texas state court petition in no way limit a plaintiff from later amending pleadings to seek additional damages. For example, see *Sosa v Central Power & Light*, 909 SW2d 893, 895 (Tex 1995): "Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions."

Soriano's pleading contravenes Texas state court rules and does not bind him to recover less than $75,000. As such, it does not control or limit the amount in controversy.

*As to Soriano's demand letter.* The statements in Soriano's demand letter also do not bind him. Decisions in this district are quite clear that, to conclusively establish the amount in controversy and avoid removal, plaintiff must file "an affidavit, stipulation, or other statement limiting her recovery *alongside* her Petition." *Martinez v Kroger Texas LP*, 2019 WL 954963, at *3 (SD Tex) (emphasis added); see also *De Aguilar*, 47 F3d at 1412.

3

Even a cursory review of Soriano's original petition and demand letter show why the amount in controversy here exceeds the jurisdictional minimum. His petition seeks past and future medical expenses; pain, suffering, and mental anguish; physical impairment; physical disfigurement; and past lost wages and future loss of earning capacity. Dkt 1-1 at 3–4. And his demand letter includes a calculation of medical expenses that itself amounts to $84,491.80. Dkt 3-2.

The amount in controversy plainly exceeds $75,000. As such this Court must exercise diversity jurisdiction over this action unless plaintiff can show to a legal certainty that he will not recover more than $75,000.

Soriano's counsel disavowed at hearing any intention of filing a binding stipulation to limit the claim to less than the jurisdictional amount. Even if offered, the Fifth Circuit directs that "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v Wal-Mart Stores Inc*, 233 F3d 880, 883 (5th Cir 2000) (citation omitted).

With no binding stipulation or affidavit filed with his original petition, Soriano cannot show to a legal certainty that his recovery will be below the jurisdictional amount.

4. Conclusion

Kroger has demonstrated that the amount in controversy likely exceeds $75,000. Soriano has not established to a legal certainty that his claims are for less than that.

The Court DENIES the motion to remand.

SO ORDERED.

Signed on January 23, 2020 at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge